# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| CHRISTOPHER FOX, on behalf of himself and others similarly situated, | : CIVIL ACTION FILE NO. |
| Plaintiff, | : |
| v. | : **COMPLAINT – CLASS ACTION** |
| INDUSTRIAL COMMERCIAL ROOFING, INC., a Florida corporation, | : **JURY TRIAL DEMANDED** |
| Defendant. | |

## CLASS ACTION COMPLAINT

Plaintiff Christopher Fox ("Plaintiff" or "Fox") brings this Class Action Complaint and Demand for Jury Trial against Industrial Commercial Roofing, Inc., ("Defendant" or "Industrial Commercial Roofing") to stop the Defendant from violating the Telephone Consumer Protection Act and the Florida Telephone Solicitation Act by making pre-recorded telemarketing calls to consumers without consent. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Fox, for this Complaint, alleges upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys, as follows:

## NATURE OF ACTION

1. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. This case involves a campaign by Defendant Industrial Commercial Roofing to market its services through the use of automated telemarketing calls using pre-recorded voice messages in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter referred to as the "TCPA") and the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059.

3. The recipients of Defendant Industrial Commercial Roofing's illegal calls, which include Plaintiff and the proposed class, are entitled to damages under the TCPA and FTSA, and because the technology used by Industrial Commercial Roofing makes calls *en masse*, the appropriate vehicle for their recovery is a class action lawsuit.

## PARTIES

4. Plaintiff Fox is and at all times relevant to this action was an Orange County resident.

5. Defendant Industrial Commercial Roofing is a Florida corporation headquartered in Orange County, Florida.

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction over the TCPA claim pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"). The Court has supplemental jurisdiction over the FTSA claims, as they arise out of the same telemarketing campaign as the TCPA claim.

7. This Court has general personal jurisdiction over Defendant Industrial Commercial Roofing because the Defendant resides in this District.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant Industrial Commercial Roofing directed the calls at issue to Plaintiff who received them in this District and because Defendant resides here.

## TCPA BACKGROUND

The TCPA and FTSA Prohibit Automated Telemarketing Calls

9. The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or that is charged per the call. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

10. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B). *See* 47 U.S.C. § 227(b)(3).

11. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

12. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller;

and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012).

13. The FTSA similarly prohibits the use of "an automated system for … the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

## COMMON ALLEGATIONS

14. Defendant Industrial Commercial Roofing provides roofing services to residential and commercial consumers throughout Florida, and other states in the U.S.[1]

15. Defendant places telemarketing cold calls using pre-recorded voicemails to solicit consumers to use Defendant's roofing services, as in Plaintiff Fox's case.

---

[1] https://icroofs.com/

16. Defendant Industrial Commercial Roofing uses the alias ICR Roofing to conduct business and owns and/or operates the website https://icroofs.com/.

17. Multiple consumers have reported receiving unsolicited telemarketing calls from Defendant Industrial Commercial Roofing, including complaints of receiving solicitation calls from the Defendant using the same phone number 407-402-5400 from which Plaintiff Fox was also called, for instance:



[2] [3]

---

[2] https://lookup.robokiller.com/p/407-402-5400
[3] https://lookup.robokiller.com/p/407-402-5400#comments-count

18. Neither the Plaintiff nor any other members of the proposed classes ever provided Defendant and/or their agents with consent to receive the telephone calls at issue.

19. Defendant's actions have harmed Plaintiff and all members of the Classes, defined below, in the form of annoyance, nuisance, and invasion of privacy, occupied their phone lines, and disturbed the use and enjoyment of their phones, in addition to the wear and tear on the phone's hardware (including the phone's battery), the consumption of memory on the phone, and, in some instances, they may have been charged for incoming calls.

20. In response to these calls, Plaintiff file this lawsuit seeking injunctive relief requiring the Defendant to cease violating the Telephone Consumer Protection Act and the Florida Telephone Solicitation Act, as well as an award of statutory damages to the members of the Classes and costs.

## PLAINTIFF FOX'S ALLEGATIONS

21. Defendant Industrial Commercial Roofing is a "person" as the term is defined by 47 U.S.C. § 153(39).

22. Plaintiff Fox is the subscriber and the sole user of the cell phone number ending xxx-xxx-2494.

23. Plaintiff Fox registered his cell phone number on the National Do Not Call Registry on February 23, 2012.

24. On June 22, 2022, at 6:53 PM, Plaintiff received an unsolicited call to his cell phone from the phone number 407-402-5400. Plaintiff did not answer the call and Defendant left a pre-recorded voicemail to his cell phone soliciting Defendant's services:



25. Defendant sent the pre-recorded voicemail soliciting their roofing services and offering a $500 discount to Plaintiff to use Defendant's roof insulation services. The voicemail is generic in nature and could be used by Defendant to solicit thousands of consumers to get potential consumers to call Defendant back for

inquiring about their roofing services.

26. The phone number 407-402-5400, which Defendant used to call Plaintiff's cell phone, is owned and operated by Defendant Industrial Commercial Roofing and is answered by Defendant's employees.

27. Plaintiff Fox never made any inquiry about Defendant's roofing services or ever consented to receive pre-recorded calls from Defendant.

28. In fact, Plaintiff Fox has never had any business relationship with Defendant Industrial Commercial Roofing.

29. In response to these calls, Plaintiff file this lawsuit seeking injunctive relief requiring the Defendant to cease violating the Telephone Consumer Protection Act and the Florida Telephone Solicitation Act, as well as an award of statutory damages to the members of the Classes and costs.

## CLASS ACTION ALLEGATIONS

30. Plaintiff Fox brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Classes:

**TCPA Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant, or an agent calling on behalf of the Defendant, called on their cellular telephone number (2) using the same or a substantially similar artificial or pre-recorded voice message used to call the Plaintiff.

**FTSA Pre-recorded No Consent Class:** All persons in the United States, who, on or after July 1, 2021, (1) received a telephonic sales call regarding

9

Defendant's goods and/or services, (2) from Florida, (3) using the same or a substantially similar artificial or pre-recorded voice message used to call the Plaintiff.

31. Plaintiff Fox is a member of and will fairly and adequately represent and protect the interests of the Classes as he has no interests that conflict with any members of the Classes.

32. Excluded from the Classes are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

33. Plaintiff and all members of the Classes have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, the use of their data plans, and the intrusion on their telephone that occupied it from receiving legitimate communications.

34. This Class Action Complaint seeks injunctive relief and money damages.

35. The Classes as defined above are identifiable through the Defendant's dialer records, other phone records, and phone number databases.

36. Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes the members of the Classes number, at minimum, in the hundreds in each class.

37. The joinder of all members of the Classes is impracticable due to the size and relatively modest value of each individual claim.

38. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

39. There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including but not limited to the following:

(a) whether Defendant or its agents placed pre-recorded voice message calls to Plaintiff Fox and members of the classes without first obtaining the express written consent to make the calls;

(b) whether the calls constitute a violation of the TCPA and the FTSA;

(c) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

40. Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes. Plaintiff has no interests which are antagonistic to any member of the Classes.

41. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA and FTSA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes and have the financial resources to do so.

42. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

43. The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**COUNT I**
**Telephone Consumer Protection Act**
**Violation of 47 U.S.C. § 227**
**On Behalf of Plaintiff Fox and the TCPA Pre-recorded No Consent Class**

44. Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

45. Defendant and/or its agents transmitted unwanted telephone calls to Plaintiff and the other members of the TCPA Pre-recorded No Consent Class using a pre-recorded voice message.

46.  These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff and the other members of the TCPA Pre-recorded No Consent Class.

47.  The Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the TCPA Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

**COUNT II**
**Florida Telephone Solicitation Act**
**Violation of Fla. Stat. § 501.059**
**On Behalf of Plaintiff Fox and the FTSA Pre-recorded No Consent Class**

48.  Plaintiff repeats and realleges paragraphs 1 through 43 of this Complaint and incorporates them by reference herein.

49.  Plaintiff brings this claim individually and on behalf of the FTSA Pre-recorded No Consent Class Members against Defendant.

50.  It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

51. A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

52. Defendant failed to secure prior express written consent from Plaintiff and members of the FTSA Pre-recorded No Consent Class.

53. In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the FTSA Pre-recorded No Consent Class members without Plaintiff's and the Class members' prior express written consent.

54. Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system using a prerecorded message.

55. As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Classes as defined above; appointing Plaintiff as the representative of the Classes; and appointing his attorneys as Class Counsel;

b) An award of damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA and the FTSA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Classes; and

e) Such further and other relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff Fox requests a jury trial.

**CHRISTOPHER FOX**, individually and on behalf of all others similarly situated,

Dated: June 23, 2022.

Respectfully submitted,

By: /s/ Stefan Coleman

Stefan Coleman (FL Bar no. 30188)
law@stefancoleman.com
Coleman PLLC
66 West Flagler Street
Suite 900
Miami, FL 33130
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Avi R. Kaufman, Esq. (FL Bar no. 84382)
KAUFMAN P.A
237 South Dixie Highway, Floor 4
Coral Gables, Florida 33133
kaufman@kaufmanpa.com
(305) 469-5881

*Counsel for Plaintiff and all others similarly situated*