# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

CHRISTOPHER FOX,

    Plaintiff,

v.                                                   Case No:   6:22-cv-1290-WWB-LHP

INDUSTRIAL COMMERCIAL
ROOFING, INC.,

    Defendant

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   PLAINTIFF'S MOTION FOR SUBSTITUTE SERVICE (Doc. No. 7)
>
> **FILED:**     October 19, 2022
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

Plaintiff moves for an Order permitting service on Defendant via email to its attorneys and mail to its registered agent's home address. Doc. No. 7. Alternatively, Plaintiff requests an extension of time to effect substitute service on

Defendant by serving the Florida Secretary of State. *Id.* In support, Plaintiff demonstrates that he has attempted service on Defendant on multiple occasions throughout July and August 2022 (14 attempts by 4 process servers), but has been unsuccessful, and that although Plaintiff's counsel has been in contact with counsel for Defendant, Defendant has not executed a requested waiver of service of process. *Id.* at 2–6. *See also* Doc. Nos. 7-1 through 7-5. Thus, Plaintiff contends that Defendant is evading service. Doc. No. 7, at 5.

In support of his request for alternative methods of service, such as by email to defense counsel and mail to the registered agent, Plaintiff cites only to Fla. Stat. § 48.102. *Id.* at 7. But, § 48.102 does not become effective until January 2, 2023. *See* Fla. Stat. § 48.102. Absent any further legal authority supporting the request, the Court declines to entertain it.

As to Plaintiff's alternative request for an extension of time to effectuate substitute service on the Florida Secretary of State, besides a passing reference to the request in the opening paragraph of the motion, *see* Doc. No. 7, at 1, Plaintiff fails to further address it. And, to the extent that Plaintiff is attempting to proceed pursuant to Fla. Stat. § 48.161 for substitute service on the Florida Secretary of State, it does not appear that Plaintiff has complied with the prerequisites for that process. *See generally Dixon v. Blanc*, 796 F. App'x 684, 687 (11th Cir. 2020) (discussing requirements for substitute service on the Florida Secretary of State under Fla. Stat.

§ 48.161, and stating that "the plaintiff *must allege in his complaint* the ultimate facts bringing the defendant within the purview of the statute." (emphasis added)).  *See also Kasby v. Upper Deck Bar & Grill, LLC*, No. 6:11-cv-152-Orl-36GJK, 2012 WL 13141504, at *3–4 (M.D. Fla. Sept. 26, 2012).

Given that the time for service under Federal Rule of Civil Procedure 4(m) has now elapsed, the Court will permit Plaintiff a brief extension of time to effect service on Defendant or to file a renewed motion demonstrating, with citation to legal authority, that substitute service is proper.  Accordingly, it is **ORDERED** as follows:

1. Plaintiff's Motion for Substitute Service (Doc. No. 7) is **DENIED without prejudice**.

2. Plaintiff shall have up to and including **December 12, 2022** to file proof of service on Defendant.

3. Alternatively, Plaintiff may renew his motion for substitute service on or before **November 21, 2022**, which must include a memorandum of legal authority demonstrating that substitute service on Defendant is proper.

- 3 -

- 4 -

**DONE** and **ORDERED** in Orlando, Florida on November 10, 2022.

*[Signature]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties